UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ANDREWS, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>-against-<br><br>BLICK ART MATERIALS, LLC.<br><br>    Defendant. | 17-CV-767<br><br>**JUDGMENT** |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 16 2018 ★
BROOKLYN OFFICE

  HAVING CONSIDERED Plaintiff's Unopposed Motion for Entry of Judgment, approving settlement of this litigation, the court finds that:

  A. Defendant Blick Art Materials, LLC ("Defendant") operates certain websites at the address www.dickblick.com, www.utrechtart.com and www.dickblick.com/ara (the "Websites") at which it offers for sale and sells art supplies;

  B. Plaintiff is a blind individual who claims that Defendant's Website is not fully accessible to, and independently usable by, blind people in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq. ("ADA"), New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 et seq.), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 et seq.

  C. Defendant denies that the Websites fail to comply with Title III the Americans with Disabilities Act of 1990 ("ADA") or any other applicable laws;

  D. Defendant has: a) been working to improve the overall functionality and accessibility of the Websites; b) been awaiting guidance from the Department of Justice ("DOJ") which has yet to promulgate guidelines on website accessibility;

and c) retained a website accessibility technical coordinator to assist it in auditing the Websites and improving accessibility to customers and potential customers who suffer from disabilities.

IT IS HEREBY ORDERED that the Motion to approve settlement of the case and elimination of class allegation is granted and that:

1. Defendant and its parents, subsidiaries, and related entities bring the Websites into substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA, which are hereby determined by the court to be an appropriate standard to judge whether Defendant is in compliance with any accessibility requirements of the ADA, New York State law, or New York City local law on or before December 31, 2019, implementing changes to the website in a piecemeal fashion, as practicable.

2. The court shall reasonably modify the accessibility standards applicable to Defendant's Websites if

    a. the United States Department of Justice ("DOJ") promulgates a final ADA Title III regulation setting out a website accessibility technical standard applicable to Defendant's Website and Other Websites; or

    b. there are changes to international standards or technology related to sighted impaired individuals' access to the internet.

    c. Defendant will take reasonable and necessary efforts to ensure legal compliance with the Court's modifications to the settlement.

3. The court shall retain foot of the decree jurisdiction to enforce the implementation of Defendant's compliance with WCAG 2.0 AA, including assessing and

2

        awarding any damages, costs, or legal fees reasonably and necessarily incurred by Plaintiff's counsel in post-judgment enforcement proceedings.

4.     The Clerk is directed to close the case.


SO ORDERED in New York, New York, this [9th] day of [January], 2017

_____
Jack B. Weinstein

3